IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB - 3 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02581-BNB

ARTURO PENA CUEVAS,

     Applicant,

v.

TRINIDAD CORRECTIONAL FACILITY, P.O. Box 2000, Trinidad, CO, and
JHON [sic] SUTHER [sic], the Attorney General of the State of Colorado,

     Respondents.

_____

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

_____

     Applicant Arturo Pena Cuevas is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Trinidad, Colorado,

correctional facility. Mr. Cuevas has filed *pro se* an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). He has been granted leave

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2005).

     The Court must construe the application liberally because Mr. Cuevas is

representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the

*pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below,

Mr. Cuevas will be ordered to file an amended application.

     Mr. Cuevas alleges that he was convicted on drug-related charges in the Mesa

County District Court, and that on December 10, 2003, he was sentenced to eight years

of imprisonment. The judgment of conviction appears to have been entered on the

same day. He alleges that he appealed from the judgment of conviction to the Mesa County Court. However, he does not allege that he appealed directly from the judgment of conviction to the Colorado Court of Appeals. He makes conflicting allegations that he petitioned for certiorari review in the Colorado Supreme Court, the state's highest court. He contends that he did not initiate any postconviction proceedings. In the instant action, Mr. Cuevas argues that he is imprisoned unlawfully, a claim he does not appear to have exhausted in the state courts before seeking federal intervention.

Mr. Cuevas's habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Cuevas's application is vague. In the amended application he will be directed to file, Mr. Cuevas must demonstrate that he has exhausted state remedies as to each asserted claim or that no adequate state remedies are available or effective to

protect his rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.  "The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In addition, Mr. Cuevas must allege specific facts to demonstrate that his claim challenging the validity of his conviction and sentence is not barred by the one-year limitation period.  *See* 28 U.S.C. § 2244(d) (Supp. 2005).  He must provide the Court with the dates requested on the Court-approved habeas corpus form that are pertinent to his direct appeal.  He also should provide the Court with any orders he received from the state court, if available, regarding his direct appeal.  Accordingly, it is

ORDERED that Mr. Cuevas file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives in this order.  It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Cuevas, together with a copy of this order, one copy of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589, **within thirty (30) days from the date of this order**.  It is

FURTHER ORDERED that if Mr. Cuevas fails to file an amended application as directed **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.

DATED February 3, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-02581-BNB

Arturo Pena Cuevas
Prisoner No. 120091
Trinidad Corr. Facility
PO Box 2000
Trinidad, CO 81082

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 2/3/06

GREGORY C. LANGHAM, CLERK

By:_____
                        Deputy Clerk